IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**VALARY W. NELLUM**                                                                                           **PLAINTIFF**

v.                               **Case No. 4:20-cv-00385-LPR**
                                          **4:20-cv-01436-LPR**

**ARKANSAS CHILDREN'S HOSPITAL**                                                           **DEFENDANT**

## ORDER

This is a workplace discrimination case. Pending are cross-motions for summary judgment.[1] For the reasons explained below, Plaintiff's Motion is denied on procedural grounds. The Court will resolve Defendant's Motion after hearing oral argument.

On April 7, 2020, Plaintiff initiated this lawsuit *pro se*.[2] She paid the filing fee.[3] She did not seek *in forma pauperis* status.[4] On April 20, 2020, Plaintiff moved for the appointment of counsel.[5] I denied her request, noting (1) that Plaintiff had not shown she was indigent or otherwise unable to afford counsel, (2) that the case was not especially complex, and (3) that Plaintiff was an educated individual whose written submissions to that point showed an ability to sufficiently present her case.[6] Subsequently, Plaintiff formally notified the Court of her intention to continue to represent herself.[7] I then instructed her (by written order) about her responsibilities as a *pro se* litigant.[8] Among other things, I made clear to Plaintiff that she "must comply with the Federal

---

[1] Docs. 37 & 38.

[2] Doc. 1.

[3] *See* Doc. 1 (docket text).

[4] *Id.* See also Doc. 6.

[5] Doc. 2.

[6] Doc. 3.

[7] Doc. 18.

[8] Doc. 19.

Rules of Civil Procedure as well as Local Rules for the Eastern District of Arkansas."[9]  I advised her that "[t]he rules are available online."[10]

On September 17, 2021, Plaintiff filed a Motion for Summary Judgment.[11]  Her Motion fails to comply with important rules of procedure.  First, consider Local Rule 7.2's requirement that "[a]ll motions . . . be accompanied by a brief consisting of a concise statement of relevant facts and applicable law."  Plaintiff comes nowhere close to meeting this requirement.  Plaintiff submitted no brief with her Motion.  And her Motion itself is little more than a request that the Court sift through all of her evidence and make her case for her.  Plaintiff's short Motion merely asserts that Defendant's unlawful behavior will "unfold before [my] eyes" upon my review of her 200-page attachment.[12]  Peppered throughout the attachment—which includes letters, emails, and texts—are Plaintiff's hand-written comments.[13]  The Motion does not comply with the letter or spirit of Local Rule 7.2.

Second, consider Federal Rule 56(c)(1)(A)'s requirement that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials . . . ."  Local Rule 56.1(a) supplements this Rule and requires any motion for summary judgment to contain a "short and concise statement of the material facts as to which it contends there is no genuine dispute to be tried."  Plaintiff utterly

---

[9] *Id.*

[10] *Id.*

[11] Doc. 37.

[12] *Id*. at 1.

[13] *Id*. at 7-206.  As an example, Ms. Nellum provided an email she received from a supervisor who questioned whether she had eaten at her desk.  On the email, Ms. Nellum wrote "Everyone eat @ their desk! harassment."  *Id.* at 109.

fails to meet these two requirements. In her Motion, Plaintiff did not cite specific parts of the record to demonstrate facts that cannot be disputed, as required by Federal Rule 56(c). Nor did she provide a short and concise statement of undisputed facts, as required under Local Rule 56.1(a). It is true that, in her Motion, Plaintiff sets forth an "Action of Facts."[14] But this appears to be no more than a table of contents for her supporting documents.[15]

The Court understands Plaintiff is litigating this case *pro se*. While she is responsible for adhering to the requirements governing summary judgment,[16] there is of course some expectation that *pro se* plaintiffs might not dot every "i" or cross every "t." But here, Plaintiff missed the mark by so much that the only possible explanations are (1) she didn't look up the rules, or (2) she wasn't even trying to follow them. Under such circumstances, denial of the Motion is appropriate.

IT SO ORDERED this 29th day of March 2022.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[14] *Id.* at 2–5.

[15] *Id.*

[16] *See Sisney v. Kaemingk*, 886 F.3d 692, 697 (8th Cir. 2018) ("While a prisoner bringing a *pro se* action is entitled to the benefit of a liberal construction of his pleadings . . . [Rule] 56 remains applicable." (brackets in original) (internal quotations omitted)).